# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 21-cv-03036-NYW-MDB

CHRISTOPHER PRYOR,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell entered on September 21, 2022. [Doc. 44]. The Recommendation arose out of Defendant United States of America's ("Defendant" or "United States") Motion for Leave to Designate Non-Parties at Fault Out of Time ("Motion to Designate Out of Time" or "Motion"). [Doc. 30, filed July 18, 2022]. Plaintiff Christopher Pryor ("Plaintiff" or "Mr. Pryor") filed a Response in Opposition on July 25, 2022, [Doc. 34], and Defendant filed a Reply on August 1, 2022, [Doc. 37]. Defendant objected to Judge Dominguez Braswell's Recommendation on October 10, 2022. [Doc. 54]. Plaintiff did not respond to Defendant's Objection. For the reasons set forth below, the Court respectfully **OVERRULES** the Government's Objection and **ADOPTS** the Recommendation.

## LEGAL STANDARD

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an

issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

## BACKGROUND

The facts underlying this case are more fully discussed in Judge Dominguez Braswell's Recommendation, [Doc. 44 at 1–3], but the Court will briefly summarize those relevant to the instant dispute. This matter centers on an incident that occurred on October 2, 2018 at a military base operated by the United States Department of the Army in Fort Carson, Colorado. [Doc. 1 at ¶ 2].[1] The base includes an "Urban Training Center" ("UTC"), which Plaintiff alleges is operated by Defendant. [*Id.* at ¶¶ 7–8]. Plaintiff, a member of the Colorado Springs Police Department, alleges he was injured by an explosive device at the UTC after he stepped on it. [*Id.* at ¶¶ 10–11]. He raised two claims: one under the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115, and another for common law negligence. [*Id.* at ¶¶ 24–28]. The Federal Tort Claims Act ("FTCA") confers subject matter jurisdiction upon this Court. [*Id.* at ¶ 4].

On July 18, 2022, Defendant filed the Motion to Designate Out of Time underlying this dispute. [Doc. 30]. As Defendant acknowledges, the "deadline for designating non-parties at fault was 90 days after Plaintiff filed this action, or February 9, 2022." [*Id.* at 2 (citing Colo. Rev. Stat. § 13-21-111.5(3)(b))]. To excuse missing that deadline, Defendant argued that it recently discovered that the proposed non-party at fault—Booz Allen Hamilton ("BAH"), a federal contractor—was "responsible for emplacing and removing" certain simulator IEDs at the UTC site

---

[1] The facts contained in this Order are drawn from allegations in the Complaint, and are taken as true for the purposes of the instant Motion.

2

in the week prior to Plaintiff's alleged injury. [*Id.* at 2]. Plaintiff opposed the Motion, arguing that Defendant had failed to demonstrate excusable neglect and that he would be prejudiced if leave to designate a non-party were granted at this time. *See* [Doc. 34].

Judge Dominguez Braswell considered the Motion and the Parties' attendant arguments, and applying a good cause standard, concluded that leave to designate a non-party at this late date was unwarranted. *See* [Doc. 44]. First, she reasoned that Defendant failed to explain why it had not discovered BAH's potential involvement in Plaintiff's injury earlier given an investigation conducted by the 10th Special Forces Group—an Army entity over which Defendant possessed "some control." [*Id.* at 5]. Second, she found that equitable considerations were inadequate to justify an extension of the deadline to designate non-parties at fault. [*Id.* at 7–10]. As such, Judge Dominguez Braswell recommended denying Defendant's Motion.

Defendant objected to Judge Dominguez Braswell's Recommendation. [Doc. 54]. It pointed to its own error—that it had "incorrectly stated that Colorado law required 'good cause' to grant a designation of a non-party at fault after the presumptive deadline"—for support. [*Id.* at 1]. Instead, Defendant contended that its designation "should be permitted if 'a longer period is necessary.'" [*Id.* (citing Colo. Rev. Stat. § 13-21-111.5(3)(b))]. With this factual and procedural background in mind, the Court turns to a consideration of Defendant's Objection.

## ANALYSIS

"State substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004). Under Colorado law, in civil actions for liability, a defendant may designate a nonparty "wholly or partially at fault" for the alleged negligence by giving notice under Colo. Rev. Stat. § 13-21-111.5(3)(b). This provision "ensures that a party that is found liable will not be responsible for more than its fair share of the

damages." *Stone v. Satriana*, 41 P.3d 705, 708–09 (Colo. 2002). Courts construe nonparty designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001); *see also Stone*, 41 P.3d at 708–09 (ruling nonparty designation appropriately stricken because it did not satisfy the element of "duty" in the liability equation, when the General Assembly intended nonparty designations to be only for individuals or entities that could be found legally liable)).

The statute requires the designating party to give notice of the designation within ninety days of the commencement of the action, unless the Court determines that a longer period is necessary. Colo. Rev. Stat. § 13-21-111.5(3)(b). Plaintiff initiated this civil action on November 11, 2021, *see* [Doc. 1], and thus, Defendant's deadline to designate non-parties at fault was February 9, 2022. Defendant bears the burden of "demonstrating the 'necessity' for the requested extension of time to file a designation of nonparties." *Traenkner v. Capalbo*, No. 15-cv-00743-WYD-KMT, 2016 WL 503079, at *2 (D. Colo. Feb. 9, 2016) (citing *Redden*, 38 P.3d at 84). "The natural course of litigation may prevent a defendant from developing a well-founded designation until after the 90-day designation period has run. A court may find, however, that the burden untimely designation imposes on the efficient progress of litigation outweighs the need for designation demonstrated by a defendant and deny a motion to designate out of time." *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 (D. Colo. 1989).

Here, the Government concedes that it argued the "good cause" standard before Judge Dominguez Braswell. [Doc. 54 at 1]. "Theories raised for the first time in objections to the magistrate judge's report are deemed waived," *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001), and the "district judge need not . . . consider arguments not raised before the

4

magistrate judge," *Shields v. Duncan*, No. 14-cv-02231-RM-MEH, 2017 WL 5712886, at *1 (D. Colo. Nov. 28, 2017).

Nor is this Court persuaded that the cases cited by Defendant stand for the proposition that a longer period is necessary simply because a party did not factually discover the involvement of a nonparty until after the deadline.  In *Antolovich v. Brown Group Retail Inc.*, the Colorado Court of Appeals noted that the application of "excusable neglect" pursuant to Colorado Rule of Civil Procedure 6(b)(2) was not required, because the statute itself allowed a trial court to accept nonparty designations filed outside the 90-day period when it determines that "a longer period is necessary."  183 P.3d 582, 592 (Colo. App. 2007).  But *Antolovich* does not preclude the Court from considering the diligence of the party when determining, in its discretion, whether a longer period was necessary to identify and designate nonparties at fault.  *See id.*  Indeed, in *Chavez v. Parkview Episcopal Medical Center*, the Colorado Court of Appeals specifically considered whether the information concerning the nonparty's potential fault was previously available to the party.  32 P.3d 609, 611 (Colo. App. 2001).

This is not an instance where the investigation into the incident was occurring simultaneously with discovery in this action.  Rather, the incident at issue occurred in 2018 and the 10th Special Forces Group investigation presumably occurred around that time.  The Government fails to explain, either in its Motion to Designate Out of Time or the Objection, why it would not have had access to the unidentified witnesses to ascertain that there was an additional investigative report into the incident or BAH's involvement in the training.  *See* [Doc. 30; Doc. 54].  As noted by Judge Dominguez Braswell, "Defendant did not—either in its Reply or during oral argument on this Motion—dispute the assertion that Defendant employs members of the 10th Special Forces Group.  Additionally, during oral argument, counsel for Defendant represented to

the Court that the 10th Special Forces Group oversaw the training at issue." [Doc. 44 at 5]. Defendant also does not explain, in any factual detail, why it took another two months to file the Motion to Designate Out of Time after learning of the additional investigative report in May 2022. *See* [Doc. 30; Doc. 54]. Indeed, in looking at the ultimate proposed Designation of Non-Party at Fault, [Doc. 30-1], it is unclear what information was not included in the investigative report to cause Defendant to have to review and confirm the information therein before it could file the Motion to Designate Out of Time two months later.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendant's Objection [Doc. 54] is **OVERRULED** and the Recommendation of United States Magistrate Judge Dominguez Braswell [Doc. 44] is **ADOPTED**; and

(2)   Motion for Leave to Designate Non-Parties at Fault Out of Time [Doc. 30] is **DENIED**.


DATED:  November 10, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge